UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AMERICAN EMPIRE SURPLUS LINES
INSURANCE COMPANY,                                          :    Case No.:
                                                            :
                           Plaintiff,                       :
                                                            :
     -against-                                              :    **COMPLAINT**
                                                            :
                                                            :
BLANCO DRILLING INC.,                                       :
                                                            :
                           Defendant.                       :
------------------------------------------------------------------X

Plaintiff, American Empire Surplus Lines Insurance Company ("American Empire"), by its attorneys, L'Abbate, Balkan, Colavita & Contini, L.L.P., as and for its Complaint against the defendant, Blanco Drilling Inc. ("Blanco"), alleges, upon information and belief, as follows:

## PARTIES

1.  Plaintiff, American Empire, is an insurance company organized and existing under the laws of the State of Ohio, with its principal place of business in Ohio.

2.  Upon information and belief, and at all times relevant, defendant Blanco was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Queens County, New York.

## JURISDICTION

3.  This action is brought pursuant to 28 U.S.C. § 1332, 2201, and 2202 based on the diversity of citizenship of the parties, on common law, and seeks declaratory relief.

4.  The amount in controversy in this action exceeds the sum or value of $75,000.

5. Venue is proper pursuant to 28 U.S.C. § 1391 as, upon information and belief, Blanco's principal place of business is in Queens County, and a substantial part of the events giving rise to the claim occurred in Queens County.

## FACTS

### The American Empire Policy

6. American Empire issued a Commercial General Liability insurance policy to Blanco, bearing Policy No. PLE665125-01, for the period February 8, 2022 to February 8, 2023, which was extended to March 10, 2023 (the "American Empire Policy").

7. The premium charged for the American Empire Policy was to be computed as a percentage of Blanco's gross receipts during the policy period.

8. Based upon an estimate of the same, American Empire assigned an Advance Premium which was subject to adjustment if an audit by American Empire revealed that the gross receipts exceeded the initial estimate of the same.

9. In this regard, the American Empire Policy provides, in relevant part:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

\* \* \*

**5. Premium Audit**

    **a.** We will compute all premiums for this Coverage Part in accordance with our rules and rates.

    **b.** Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period and send notice to the first Named Insured. The due date for audit and retrospective premiums is the date shown as

>
> the due date on the bill. If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured.
>
> c.  The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.
>
> \* \* \*

10. The American Empire Policy also contains an endorsement entitled: "Explanatory Policy Premium Endorsement", which provides, in pertinent part

> The policy conditions relating to premiums shall be amended to incorporate the following:
>
> 1.  It is understood and agreed that [the American Empire Policy] is subject to a minimum policy premium as stated in the Declarations. If the policy remains in force until the expiration date of the Policy, this minimum policy premium shall apply unless the audit condition of this Policy develops a greater premium. In no event shall the premium be less than the minimum policy premium should the Policy remain effective the complete policy term.
>
> \* \* \*
>
> This endorsement prevails over any conflicting provisions in the Policy.
>
> \* \* \*

11. By way of the Common Policy Conditions, Blanco "[i]s responsible for the payment of all premiums...."

12. The Common Policy Conditions further provide:

> **C. EXAMINATION OF YOUR BOOKS AND RECORDS**
>
> We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

\* \* \*

**Blanco's Failure to Pay Additional Premium**

13. Matson Driscoll & Damico LLP, on behalf of American Empire, performed an audit of the financial records of Blanco to determine its actual gross receipts during the policy period.

14. Pursuant to the audit, it was determined that Blanco owed an additional premium under the American Empire Policy in the amount of $187,995. This additional premium of $187,995 is reflected in Endorsement No. 3 to the American Empire Policy.

15. To date, however, despite due demand, American Empire has yet to receive payment for the same.

16. As such, the current outstanding additional premium for the American Empire Policy is $187,995.

**AS AND FOR A FIRST CAUSE OF ACTION**

17. American Empire repeats, reiterates and realleges each and every allegation of the preceding paragraphs as set forth herein, verbatim, and fully at length.

18. As set forth above, the additional premium due as a result of the audit under the American Empire Policy is reflected in Endorsement No. 3 to the policy.

19. Via a letter dated December 20, 2023, the undersigned, on behalf of American Empire, demanded payment from Blanco in the amount of $187,995, representing the additional premium due under the American Empire Policy.

20. To date, however, American Empire has not received payment in the amount owed.

21. As a result of Blanco's refusal to pay the additional premium, American Empire has been damaged in the amount $187,995, together with interest, costs, disbursements, and attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION

22. American Empire repeats, reiterates and realleges each and every allegation of the preceding paragraphs as set forth herein, verbatim, and fully at length.

23. Blanco's failure to pay the additional premium due under the American Empire Policy violates the terms and conditions of the policy.

24. As such, American Empire respectfully requests that the Court declare that American Empire has no obligation to defend and/or indemnify Blanco, or any other person or entity seeking coverage under the American Empire Policy, relative to any occurrence, offense, claim or suit which has or may be reported to American Empire under the American Empire Policy.

## AS AND FOR A THIRD CAUSE OF ACTION

25. American Empire repeats, reiterates and realleges each and every allegation of the preceding paragraphs as set forth herein, verbatim, and fully at length.

26. Blanco's failure to pay the additional premium due and owing under the American Empire Policy constitutes a breach of Blanco's duty of good faith and fair dealing owed to American Empire with respect to the American Empire Policy.

27. As a result of Blanco's breach of its duty of good faith and fair dealing, American Empire has no obligation to defend and indemnify Blanco, or any other person or

entity seeking coverage under the American Empire Policy, relative to any occurrence, offense, claim or suit which has or may be reported to American Empire under the American Empire Policy.

**WHEREFORE**, American Empire respectfully requests that:

(a) The Court enter judgment against Blanco in the sum of $187,995, plus interest, for the additional premium presently due and owing under the American Empire Policy;

(b) The Court enter judgment declaring that American Empire has no obligation to defend and/or indemnify Blanco, or any other person or entity seeking coverage under the American Empire Policy, relative to any occurrence, offense, claim or suit which has or may be reported to American Empire under the American Empire Policy, based upon Blanco's failure to comply with its obligations under the American Empire Policy;

(c) The Court enter judgment declaring that American Empire has no obligation to defend and/or indemnify Blanco, or any other person or entity seeking coverage under the American Empire Policy, relative to any occurrence, offense, claim or suit which has or may be reported to American Empire under the American Empire Policy, based upon Blanco's breach of its duty of good faith and fair dealing; and

(d) American Empire be awarded the costs and disbursements of this action; and

(e) American Empire shall have such other, further, and different relief as this Court may deem just and proper.

Dated: Melville, New York
January 4, 2024

Respectfully submitted,

L'ABBATE, BALKAN, COLAVITA
 & CONTINI, L.L.P.

*Maureen E O'Connor*

By: MAUREEN E. O'CONNOR
Attorneys for Plaintiff
American Empire Surplus Lines
Insurance Company
3 Huntington Quadrangle – Suite 102 S
Melville, New York 11747
Tel.: (516) 837-7432
moconnor@lbcclaw.com